IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,446

STATE OF KANSAS,
*Appellant*,

v.

CHARLES GLOVER,
*Appellee*.


SYLLABUS BY THE COURT


Consistent with *Kansas v. Glover*, 589 U.S. ___, 140 S. Ct. 1183, ___ L. Ed. 2d ___ (2020), an investigative traffic stop made after running a vehicle's license plate and learning that the registered owner's driver's license has been revoked is reasonable under the Fourth Amendment to the United States Constitution if the officer lacks information negating an inference that the owner is driving the vehicle. Here, the stipulated facts reveal no information known by the deputy sufficient to rebut that reasonable inference.


Review of the judgment of the Court of Appeals in 54 Kan. App. 2d 377, 400 P.3d 182 (2017). Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion on remand filed June 12, 2020. Judgment of the Court of Appeals reversing the district court is affirmed. Judgment of the district court is reversed, and the case is remanded with directions.


*Andrew Bauch,* assistant district attorney, argued the cause, and *John Grobmyer*, legal intern, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellant.


*Elbridge Griffy IV*, of Lawrence, argued the cause and was on the brief for appellee.


1

The opinion of the court was delivered by

LUCKERT, C.J.: This case is on remand from the United States Supreme Court for further proceedings not inconsistent with its opinion in *Kansas v. Glover*, 589 U.S. ___, 140 S. Ct. 1183, ___ L. Ed. 2d ___ (2020).

The factual and procedural details of the case are fully set out in our opinion in *State v. Glover*, 308 Kan. 590, 422 P.3d 64 (2018), and will not be restated here. We affirmed the district court's ruling granting Charles Glover's motion to suppress evidence obtained during a traffic stop. The district court determined the officer lacked reasonable suspicion of illegal activity when he stopped the truck, making the seizure a violation of Glover's rights under the Fourth Amendment to the United States Constitution. The Court of Appeals reversed. *State v. Glover*, 54 Kan. App. 2d 377, 400 P.3d 182 (2017). We agreed with the district court and reversed the Court of Appeals.

The State filed a writ of certiorari, which the United States Supreme Court granted. It then held an investigative traffic stop made after running a vehicle's license plate and learning that the registered owner's driver's license has been revoked is reasonable under the Fourth Amendment if the officer lacks information negating an inference that the owner is driving the vehicle. 140 S. Ct. at 1187-91. The Court also held the stipulated facts revealed no information known by the deputy sufficient to rebut the reasonable inference that Glover drove the truck. 140 S. Ct. at 1191. The Court reversed and remanded our judgment in *Kansas v. Glover*.

As a result, this case is again before us. In accordance with the decision of the United States Supreme Court, we vacate our judgment reversing the Court of Appeals. and affirming the district court. We remand to the district court for further proceedings consistent with this opinion.

2

The judgment of the Court of Appeals is affirmed. The judgment of the district court is reversed, and the case is remanded to the district court with directions.